IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANNIE C. HAWKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:07-cv-953-MHT |
| | ) |
| STATE FARM FIRE AND | ) |
| CASUALTY COMPANY, | ) |
| DONNY HOLLEY, et al., | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF DEFENDANT DONNY HOLLEY

COMES NOW Defendant, Donny Holley (hereinafter "Holley") and ) and for answer to the Complaint and each count thereof, separately and severally, heretofore filed in this cause, defends, separately and severally, as follows:

### First Defense

Defendant Holley alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Defendant Holley pleads the general issue and denies each and every material allegation of the Complaint not herein admitted and demands strict proof thereof.

### Third Defense

Defendant Holley avers that he has been fraudulently joined in this lawsuit.

### Forth Defense

Defendant Holley affirmative denies that he is an employee of State Farm Fire and Casualty Company and demands strict proof thereof.

### Fifth Defense

Defendant Holley affirmatively avers that he submitted a homeowner's insurance application to State Farm Fire and Casualty Company on behalf of Plaintiff.

### Sixth Defense

Defendant Holley affirmatively avers that he has personal knowledge that a homeowner's policy of insurance was issued by State Farm Fire and Casualty Company to Plaintiff.

### Seventh Defense

Defendant Holley affirmatively avers that he has personal knowledge that the State Farm homeowner's insurance policy issued to Plaintiff does provide coverage to the insured risk for accidental direct physical loss which includes wind and hail damage.

### Eighth Defense

Defendant Holley affirmatively denies that he negligently or wantonly procured

the policy of insurance on Plaintiff's home as alleged and demands strict proof thereof.

### Ninth Defense

Defendant Holley affirmatively denies that he negligently or wantonly informed Plaintiff that wind and hail damage were covered perils and demands strict proof thereof.

### Tenth Defense

Defendant Holley affirmatively avers that the policy of insurance he procured for Plaintiff, made the basis of this suit, was the exact policy Plaintiff requested.

### Eleventh Defense

Defendant Holley affirmatively denies that Plaintiff was injured to the nature and extent claimed and contests damages.

### Twelfth Defense

Defendant Holley denies he is guilty of any conduct which would entitle Plaintiff to recover punitive damages.

### Thirteenth Defense

Defendant Holley avers that any award of punitive damages or damages premised on mental or emotional distress to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the

State of Alabama.

### Fourteenth Defense

Defendant Holley affirmatively avers that any award of punitive damages or damages premised on mental or emotional distress to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

### Fifteenth Defense

Defendant Holley affirmatively avers that any award of punitive damages or damages premised on mental or emotional distress to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

### Sixteenth Defense

Defendant Holley avers that any award of punitive damages or damages premised on mental or emotional distress to Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States.

### Seventeenth Defense

Plaintiff's claim of punitive damages or damages premised on mental or emotional distress violates the Fourth, Fifth, Sixth, Eighth and Fourteenth

Amendments of the Constitution of the United States on the following grounds:

(a) It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded may result in an award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages or damages premised on mental anguish or emotional distress are awarded fail to provide a reasonable limit on the amount of the award against a defendant, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages or damages premised on mental anguish or emotional distress are awarded fail to provide specific standards for the amount of the award of punitive damages or damages premised on mental or emotional distress which thereby violate the Due Process Clause of the

Fourteenth Amendment of the United States Constitution;

   (e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the equal protection clause of the Fourteenth Amendment of the United States Constitution;

   (f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the due process clause of the Fifth and Fourteenth Amendments and the equal protection clause of the Fourteenth Amendment of the United States Constitution.

### Eighteenth Defense

Plaintiff's claim of punitive damages or damages premised on mental or emotional distress violates the due process clause of Article I, § 6 of the Constitution of Alabama for the same grounds as stated above.

### Nineteenth Defense

Any award of punitive damages or damages premised on mental or emotional distress to Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## Twentieth Defense

The Complaint fails to state a claim for punitive damages under §§ 6-11-20 to 6-11-30 *Ala. Code* (1975), and is barred.

## Twenty-First Defense

Any award of punitive damages against Defendant in this action would violate the due process clause of the United States Constitution, in accordance with the decisions of the United States Supreme Court in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (April 7, 2003), *BMW v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), *Coopers Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678 (2001) and the Alabama Supreme Court in *BMW v. Gore*, 701 So.2d 507 (Ala. 1997) on various grounds including the following:

(a) It is a violation of this Defendant's rights to due process to impose punitive damages to deter future misconduct, where less drastic remedies could achieve this goal;

(b) It is a violation of due process to subject this Defendant to punitive damages without providing this Defendant fair notice of the conduct that will subject it to punishment and the severity of the penalty that may be imposed; and

(c) It is a violation of this Defendant's rights to due process to impose

punitive damages which are grossly excessive.

### Twenty-Second Defense

Defendant Holley avers that the amended version of Alabama Code § 6-11-21 (1975), enacted in June, 1999, is applicable to the award of any punitive damages in this matter.

### Twenty-Third Defense

Defendant Holley affirmatively pleads all applicable statutes of limitation.

_____
JAMES H. ANDERSON [AND021]
MICHEAL S. JACKSON [JAC015]
Counsel for Defendant Holley

**Of Counsel:**

BEERS, ANDERSON, JACKSON,
 PATTY, & FAWAL, P.C.
P. O. Box 1988
Montgomery, Alabama 36102-1988
Tel: (334) 834-5311 / Fax: (334) 834-5362

CERTIFICATE OF SERVICE

    I hereby certify that I electronically filed the foregoing ANSWER OF DEFENDANT DONNY HOLLEY with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Nick Wooten, Esq.  
**WOOTEN LAW FIRM, P.C.**  
P. O. Drawer 290  
Lafayette, AL 35862

David Hodge, Esq.  
**PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.**  
1100 Park Place Tower  
2001 Park Place North  
Birmingham, Alabama 35203

on this the 6th day of Nov., 2007.

_____  
Of Counsel