IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT COURT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ANNIE C. HAWKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER |
| | ) | 3:07-cv-00953-MHT-TFM |
| STATE FARM FIRE AND | ) | |
| CASUALTY COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S OBJECTION TO "DEFENDANTS' REQUEST FOR ADMISSION TO PLAINTIFF"

Comes now Annie C. Hawkins and objects to the single request for admission propounded on him on or about November 9, 2007, by State Farm Fire and Casualty Company ("State Farm Fire") and Donny Holley. In support of this objection, plaintiff states as follows:

On September 19, 2007, Hawkins commenced this lawsuit by filing a complaint in the Circuit Court of Chambers County, Alabama.

On October 23, 2007, State Farm Fire and Holley filed a joint notice of removal.

On November 6, 2007, Hawkins electronically filed a motion to remand.

On November 9, 2007, State Farm Fire and Holley served plaintiff's counsel with the following request for admission:

> Admit the value of the Plaintiff's claim is less than seventy-five thousand dollars ($75,000), inclusive of any right to court costs, attorney fees, and consequential or punitive damages, and that Plaintiff will not ask for nor will he accept a verdict equal to or in excess of the Court's jurisdictional limit of seventy-five thousand dollars ($75,000).

In *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), the Eleventh Circuit wrote:

> Post-removal discovery for the purpose of establishing jurisdiction in diversity cases cannot be squared with the delicate balance struck by Federal Rules of Civil Procedure 8(a) and 11 and the policy and assumptions that flow from and underlie them. Certainly, the power to grant discovery generally is conferred to the sound discretion of the district court, and post-removal jurisdictional discovery may appear to present a viable option for a court examining its jurisdiction. Jurisdictional discovery could avoid the problem of speculation by the court. **Sound policy and notions of judicial economy and fairness, however, dictate that we not follow this course.**

483 F.3d at 1215-16 (footnote omitted; emphasis added). The Eleventh Circuit further wrote:

> Just as a plaintiff bringing an original action is bound to assert jurisdictional bases under Rule 8(a), a removing defendant must also allege the factual bases for federal jurisdiction in its notice of removal under § 1446(a). Though the defendant in a diversity case, unlike the plaintiff, may have no actual knowledge of the value

2

of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists. Indeed, the defendant, by removing the action, has represented to the court that the case belongs before it. Having made this representation, the defendant is no less subject to Rule 11 than a plaintiff who files a claim originally. Thus, a defendant that files a notice of removal prior to receiving clear evidence that the action satisfies the jurisdictional requirements, and then later faces a motion to remand, is in the same position as a plaintiff in an original action facing a motion to dismiss. **The court should not reserve ruling on a motion to remand in order to allow the defendant to discover the potential factual basis of jurisdiction.**

483 F.3d at 1216-17 (footnotes omitted; emphasis added). The Eleventh Circuit concluded:

> ... [T]he defendants here asked that the district court reserve ruling on the motion to remand so that they could conduct discovery to obtain information from the plaintiffs that would establish that the court has jurisdiction. The defendants' request for discovery is tantamount to an admission that the defendants do not have a factual basis for believing that jurisdiction exists. The natural consequence of such an admission is remand to state court.
>
> Post-removal discovery disrupts the careful assignment of burdens and the delicate balance struck by the underlying rules. **A district court should not insert itself into the fray by granting leave for the defendant to conduct discovery or by engaging in its own discovery.** Doing so impermissibly lightens the defendant's burden of establishing jurisdiction. A court should not participate in a one-sided subversion of the rules. The proper course is remand.

483 F.3d at 1217-18 (footnotes omitted; emphasis added).

The clear import of the above-reprinted language from *Lowery* is that, if a motion to remand is filed, defendants are not entitled to conduct **any** discovery, especially discovery directed at the amount in controversy, in a federal district court. Such post-removal discovery in a federal district court would improperly interfere with the relationship between state and federal courts, as well as, improperly allowing defendants to defer establish satisfaction of the critical amount-in-controversy threshold until discovery has been conducted in a forum to which the plaintiff objects. In *Lowery*, the Eleventh Circuit declared that any discovery required to support the removal must be conducted prior to the removal and in the state court.

Therefore, Hawkins objects to the propounded request for admission because State Farm and Holley should be precluded from conducting any post-removal discovery in this Court until there has been a ruling on Hawkins's motion to remand and because Hawkins should not be compelled to respond to the propounded request for admission since it amounts to impermissible post-removal discovery. To require Hawkins to respond to the propounded request for admission at this time would be contrary to the clear declaration in *Lowery* that State Farm and Holley's demonstration of satisfaction of the amount-in-controversy threshold must be done without the aid of any post-removal discovery.

As stated in *Lowery*, the mere serving of the propounded request for admission "is tantamount to an admission that the defendants do not have a factual basis for believing that jurisdiction exists" and, naturally, ma ndates remand to state court.

Respectfully submitted,

**s/ David J. Hodge**
Bar Number: ASB-5583-L73C
Of Counsel for Plaintiff
Pittman, Dutton, Kirby & Hellums, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile
Email: PDKH-efiling@pdkhlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on **14th** day of **November, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

**s/ David J. Hodge**
Of Counsel